THE STATE, ALBERT ACKERMAN, PROSECUTOR, v. THE TOWN OF BERGEN, IN THE COUNTY OF HUDSON.

1. An ordinance of the board of councilmen of the town of Bergen, for opening a street, held illegal and void, on the ground that the name of one of the commissioners was changed without laying it over to another meeting, the charter providing that no ordinance shall be passed, unless the same shall be introduced at a previous meeting.

2. The preliminary assessment to be made by the commissioners must be filed within the time prescribed by the charter, or the street cannot be opened.

* *Rev., p.* 1165, § 120.

This was a *certiorari*, bringing up an ordinance and other proceedings of the board of councilmen of the town of Bergen. The reasons assigned for setting aside the same were argued before Justices ELMER, BEDLE, and DALRIMPLE, by *I. W. Scudder*, for the prosecutor, and *W. H. Lewis*, for the town, and are set out in the opinion of the court.

ELMER, J.   The board of councilmen of the town of Bergen is authorized, by the 30th section of the revised charter, (*Acts of* 1864, *p.* 416,) to lay out and open streets by ordinance, in which there shall be appointed three commissioners, whose duties are prescribed. The 29th section provides that no ordinance or by-law shall be enacted or passed by the said councilmen, unless the same shall have been introduced at a previous regular meeting.

It appears by the return to the *certiorari* in this case, that at a regular meeting of the board, held August 27th, 1866, an ordinance was introduced to lay out and open a public street in said town, over the property of Nathaniel C. Slaight and Albert Ackerman, from Westside avenue to Ackerman street, in which three commissioners are named.   Afterwards, at a meeting held September 17th, this ordinance was taken up, the name of one of the commissioners stricken out, and another inserted, and then adopted; and on the 19th of September it was signed by the president and approved by the mayor.   It is objected that this ordinance is illegal, because it materially varies from that introduced at the previous meeting, and, in my opinion, this objection is well taken.   The commissioners are required to be appointed by ordinance, and not otherwise.   A change hastily made at a meeting, without having been previously introduced, would defeat the precise object of the charter, which was to insure deliberation in every important proceeding.   In the case of *State* v. *Jersey City*, 2 *Dutcher* 448, the variance complained of was merely a slight alteration of the title, in no wise affecting the construction of the ordinance, and was held to

State, Ackerman, pros., v. Town of Bergen.

be immaterial. The variance in this case was in the most important part of the ordinance.

The ordinance as adopted—prematurely, I think—declares that "the said street is hereby laid out and opened," although perhaps this error might not have been considered fatal to its validity, had the subsequent proceedings been such as the charter requires, and the street had been properly confirmed. The obvious design of the 30th section is, that the commissioners appointed shall examine the whole matter, estimate as nearly as they can the probable cost of the contemplated improvement; cause a survey and map to be made, showing all the land and real estate in the town they determine will be benefited, with the numbers of the lots and the owners' names, as far as practicable, and assess the said cost on the lands and real estate to be benefited, in proportion to what they adjudge that benefit will be. Their report and map is to be filed within thirty days after their appointment, of which notice is to be given; and if within thirty days after the filing, "the owners of a majority of the lands to be assessed" file a remonstrance, the councilmen are to proceed no further. These preliminary proceedings are important to enable the council properly to decide whether the improvement is proper to be made, as well as to inform the owners of land to be assessed how it will affect their interests.

Instead of filing their report and map within thirty days after their appointment, no report or map was filed until the 3d of December, and then they proved so entirely defective that they were referred back to the commissioners, and were not again filed until January 14th, 1867, nearly four months after the commissioners were appointed. Upon examining this last report and assessment map, it appears very doubtful whether the commissioners, in fact, did anything more than measure the area of the land owned by Mr. Slaight and Mr. Ackerman, through which the road runs, and assess the incidental expenses, without including the cost of completing the improvement, upon them, in proportion to their frontage on the street. But without expressing any decided opinion

on this point, it is clear that the ordinance was never regularly passed, and that the report and assessment of the commissioners were not filed in the proper time, and that the said ordinance and proceedings must be set aside and declared null and void.

The other Justices concurred.

CITED *in State, Central R. R. Co., pros.,* v. *Bayonne,* 6 *Vr.* 333; *State, Gregory, pros.,* v. *Jersey City,* 5 *Vr.* 434.